UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LIAL WAYNE RICE,<br>    Plaintiff, | Case No. 1:15-cv-400 |
| vs. | Beckwith, J.<br>Bowman, M.J. |
| CITY OF HAMILTON, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Butler County Jail, has filed an application for leave to proceed *in forma pauperis* in connection with a prisoner civil rights complaint. (Doc. 1). On July 19, 2015, the undersigned issued a Deficiency Order, requiring plaintiff to submit a completed, signed *in forma pauperis* application and signed complaint. (Doc. 2). Plaintiff was advised that failure to comply with the Deficiency Order would result in the dismissal of his case for want of prosecution. (*Id.* at PageID 24).

Plaintiff subsequently filed an objection to the Deficiency Order, which the undersigned construed as a motion for reconsideration. (*See* Doc. 3, 4). Plaintiff provided a "Cash History Report" showing that he had no money in his inmate account with the filing, but failed to submit a signed *in forma pauperis* application or complaint. (*See* Doc. 3). By Order dated July 22, 2015, the undersigned denied the motion for reconsideration and ordered plaintiff to provide a signed complaint and *in forma pauperis* application within (30) days. Plaintiff was again advised that failure to comply with the Order would result in the dismissal of the case for want of prosecution. (Doc. 4, PageID 39).

In response, plaintiff filed several responses and an amended complaint. (Doc. 5, 6, 7, 8, 9). However, because plaintiff still failed to submit a signed *in forma pauperis* application and the amended complaint was also not signed, the undersigned issued another Deficiency Order on

September 8, 2015.  (Doc. 10).  Plaintiff was ordered to sign the amended complaint and return it to the Clerk of Courts within thirty (30) days.  In addition, plaintiff was ordered to submit a signed *in forma pauperis* application within (30) days if he wished to proceed *in forma pauperis*.  Plaintiff was advised "that no extensions of time or additional deficiency orders will be issued in this matter.  If he fails to comply with this Deficiency Order it will be recommended that this action be dismissed for want of prosecution."  (*Id.* at PageID 77).  Plaintiff has since filed two documents and a motion to appoint counsel, none of which are responsive to the Court's September 8, 2015 Deficiency Order.  (*See* Doc. 11, 12, 13).

District courts have the power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962).  Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

  **IT IS SO RECOMMENDED.**


              _s/ Stephanie K. Bowman_
              Stephanie K. Bowman
              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIAL WAYNE RICE,
    Plaintiff,

vs.

CITY OF HAMILTON, et al.,
    Defendants.

Case No. 1:15-cv-400

Beckwith, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).